ORIGINAL FILED 07 JUL -6 PM 1:29 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: smartin@sonnenschein.com

Attorneys for Defendant
WILLIAMS LEA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

CRB

| SANDRA CHEW, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAMS LEA INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 07 3525<br><br>NOTICE OF REMOVAL OF CIVIL ACTION |
|---|---|

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441(a), defendant Williams Lea Inc. hereby removes to this Court the action described herein and respectfully submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

1. On May 20, 2007, an action was commenced in the Superior Court of the State of California for the County of San Francisco, entitled "*Sandra Chew v. Williams Lea, Inc, a*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

*Corporation; Charlotte Dolly, an individual; and does 1 through 100, inclusive,*" Case No. CGC 07-463769 (the "Superior Court Action").

2. In the Superior Court Action, plaintiff Sandra Chew seeks damages for alleged disability discrimination. Specifically, plaintiff alleges that she and a coworker (Jude Delgado) arrived late to work on Match 27, 2007. (Complaint ("Compl."), ¶ 9.) Although they were scheduled to begin work at 6:00 a.m., they did not arrive until 6:18 a.m. and did not begin work until 6:22 a.m. (*Id.*) Later that day, Ms. Chew made entries on Williams Lea's time records reflecting (falsely) that she and plaintiff had started work at 6:00 a.m. (*Id.* at ¶¶ 11, 12.)

3. The Complaint alleges that Williams Lea terminated plaintiff's employment for "Time Card Falsification." (Compl., ¶ 15.) The Complaint further alleges that Williams Lea's stated reason for termination was false and pretextual and that it actually terminated plaintiff's employment because she had injured herself in a slip and fall incident at her home on March 19, 2007. (*Id.* ¶¶ 16, 27.)

4. Plaintiff also alleges that her manager, Charlotte Dolly, "expressly" and "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies," "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false complaints," and being "dishonest, lazy, incompetent, and a poor performer." (Compl., ¶ 39.)

5. On the basis of these allegations, plaintiff sues Williams Lea for violation of the California Family Rights Act, disability discrimination, libel, and failure to compensate for hours worked under California Industrial Welfare Commission Orders and California Labor Code section 1182.11. Plaintiff seeks general, special and punitive damages, as well as attorneys fees. (Compl., at Prayer.)

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SERVICE

6. Williams Lea is informed and believes that the Summons and Complaint in the Superior Court Action were served on Williams Lea on or about June 8, 2007. Williams Lea is informed and believes that Charlotte Dolly has not been properly served. Attached hereto as Exhibit A are true and correct copies of the Complaint, the Answer and all other pleadings which Williams Lea believes are on file in the Superior Court Action.

JURISDICTION

7. Williams Lea is informed and believes that plaintiff was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California. Williams Lea was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation formed under the laws of the State of Delaware, with its principal place of business in Illinois.

8. Plaintiff and Williams Lea, accordingly, are citizens and residents of different states.

THE FRAUDULENT JOINDER OF A CALIFORNIA RESIDENT

9. In addition to asserting causes of action against Williams Lea, plaintiff purports to assert a claim for relief against an individual defendant, Charlotte Dolly, who is a Williams Lea employee. As set forth below, plaintiff's joinder of Ms. Dolly is fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim against a resident defendant. In such a circumstance, a federal court will disregard the sham joinder of such an individual for purposes of determining whether diversity jurisdiction exists.

10. In particular, plaintiffs' Complaint contains a single claim for slander against Ms. Dolly, the putative resident defendant. Plaintiff premises that claim on allegations that Ms. Dolly "expressly" and "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies," "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false complaints" and being "dishonest, lazy, incompetent, and a poor performer." (Compl., ¶ 39.) Plaintiff cannot recover on this claim, for several reasons.

11. First, any statements made by Ms. Dolly about plaintiff were made in the personnel management context without malice and for the purpose of making informed personnel decisions. As a result, Ms. Dolly's alleged statements were privileged and cannot support slander liability as a matter of law. *See* Cal. Civil Code § 47(c); *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278, 285 (1982) (statements made in personnel context are privileged under section 47).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

12. In addition, plaintiff has failed to adequately allege a claim for slander. *See Okun v. Superior Court,* 29 Cal. 3d 442 (1981). In particular, plaintiff has failed to allege specific facts demonstrating that Ms. Dolly acted with malice. *See Martin v. Kearney,* 51 Cal. App. 3d 309 (1975).

13. Further, plaintiff admits she was late for work and that she falsified her time card. (Compl., ¶¶ 9, 11, 12.) As a result, the statements attributed to Ms. Dolly were true, and cannot support slander liability as a matter of law. *See Conkle v. Jeong,* 73 F.3d 909, 917 (9th Cir. 1995) ("Truth is a complete defense to slander, regardless of the bad faith or malicious purpose of the publisher of the material.") (citation and quotation marks omitted).

14. Finally, any statements made by Ms. Dolly about plaintiff were matters of opinion, which cannot support slander liability as a matter of law. *See Conkle,* 73 F.3d at 917 (statements that plaintiff was "difficult as an employee" and "more trouble than she [was] worth" were nonactionable statements of opinion); *Jensen v. Hewlett-Packard, Inc.,* 14 Cal. App. 4th 958, 965 (1993) (an "employer's perceptions about an employee's efforts, attitude, performance, potential or worth to enterprise" cannot support slander liability even if they are "objectively wrong and cannot be supported by reference to concrete, provable facts").

15. Plaintiff's claim against Ms. Dolly, therefore, is meritless. Accordingly, Ms. Dolly was "fraudulently joined for diversity and removal purposes," and her presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1320 (9th Cir. 1998). Therefore, this matter involves parties of diverse citizenship and residency.

AMOUNT IN CONTROVERSY

16. On its face, the Complaint seeks in excess of $150,000 in compensatory damages. (Compl., ¶ 28.) Plaintiff also seeks attorneys fees and punitive damages, which are included in determining the amount in controversy. *Bell v. Preferred Life Society*, 320 U.S. 238, 239 (1943), *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Accordingly, Williams Lea is informed and believes that plaintiff seeks to recover damages in excess of seventy-five thousand dollars ($75,000).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

17. The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiff and Williams Lea are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18. The case is therefore one which Williams Lea may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected within thirty days of service, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Williams Lea hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted herein.

Dated: July 6, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By ______________________

SONIA MARTIN

Attorneys for Defendant WILLIAMS LEA INC.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WILLIAMS LEA INC, a Corporation; Charlotte Dolly, an individual; and, DOES 1 through 100, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
SANDRA CHEW, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT-SF
400 MCCALLISTER AV.
SF CA 94102

CASE NUMBER: *(Número del Caso):* CGC07-463769

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN 154481 22 Battery Street Ste. 1000 San Francisco CA 94111 415 362-1111

DATE: *(Fecha)* MAY 2 9 2007 GORDON PARK-LI Clerk, by *(Secretario)* CRISTINA E. BAUTISTA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: WILLIAMS LEA INC, a Corporation
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

LAW OFFICES OF MICHAEL HOFFMAN
MICHAEL HOFFMAN 154481
22 Battery Street Ste. 1000
San Francisco CA 94111
Tel (415) 362-1111
Fax (415) 362-1112
e-mail: mhoffman@employment-lawyers.com

Attorney for Plaintiff,
Sandra Chew

ENDORSED
FILED
San Francisco County Superior Court
MAY 2 9 2007
GORDON PARK-LI, Clerk
BY: Deputy Clerk
OCT 2 6 2007 9:00AM
DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO
UNLIMITED

SANDRA CHEW, an individual

Plaintiff,

vs.

WILLIAMS LEA INC, a Corporation; Charlotte Dolly, an individual; and, DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 07- 463769

COMPLAINT FOR DAMAGES

1. CALIFORNIA FAMILY RIGHTS ACT FAILURE TO GUARANTEE EMPLOYMENT
2. DISABILITY DISCRIMINATION FAILURE TO ENGAGE
3. LIBEL (CC 46 (3)
4. FAILURE TO COMPENSATE FOR HOURS WORKED UNDER CALIFORNIA LABOR CODE

JURY TRIAL DEMANDED

Comes now Plaintiff Sandra Chew ("Plaintiff") who demands a jury trial and alleges as follows:

1. At all times material herein, Plaintiff, Sandra Chew (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of San Francisco.

2. At all times material herein, Defendant WILLIAMS LEA INC (hereinafter referred to as "Williams") was and is a foreign corporation registered to do business in the state of California.

3. At all times material herein, Defendant CHARLOTTE DOLLY (hereinafter referred to as "Dolly") was and is a resident of the State of California.

4. The true names and capacities of the Defendants named herein as Does 1 though 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that Doe Defendants are California residents. Plaintiff will amend this complaint to show such Defendants true names and capacities when they have been determined.

5. Plaintiff is informed and believes, and, on the basis of that belief, thereby alleges, that each of the Defendants herein was at all times relevant hereto the agent, employee or representative of the remaining Defendants and was acting at least in part within the course and scope of such relationship.

6. Plaintiff is informed and believes and thereon allege that unless otherwise indicated, each defendant was the agent and/or employee of every other defendant acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-defendants.

7. Heller Ehrman LLP ("Heller") outsourced their San Francisco Document Production Department ("DOCS Center") to Williams to manage the DOCS Center for Heller on January 23, 2006. Sandra Chew was a former Heller employee, having worked for the firm for 21 years. Plaintiff Chew's Job Title was Senior Document Specialist, Desktop Publisher, Workflow Coordinator. Her Manager for the DOCS Center department was Charlotte Dolly.

8. At 5:40 a.m or 5:45 a.m., on the morning of Tuesday, March 7, 2007, Jude Delgado contacted the Williams Lea DOCS Center and spoke with Shonda Furr, Graveyard Workflow Coordinator, to inform her, the Graveyard shift, and the DOCS Center staff that he and Sandra Chew were running late as a result of heavy

traffic. Shonda Furr acknowledged his call and informed him that she would be conveying the information regarding their late arrival to the DOCS Center staff, which includes the DOCS Center Manager and DOCS Center Supervisor, per Williams Lea rules regarding absences and late arrivals.

9. On Tuesday, March 27, 2007, Sandra Chew and Jude Delgado arrived at the DOCS Center approximately 19 minutes late, arriving at 6:19 a.m., as verified by Heller's security card access report. This was the first time they had ever arrived late for work. Sandra Chew and Jude Delgado informed the Graveyard crew that they had arrived, and both immediately began to commence work on projects at 6:22 a.m., as verified by Heller's IT Department computer log-in record. Williams Lea utilizes a computerized time clock system, ("Kronos") where the employee enters their user name and password to gain access to the program and then "punches"; i.e., records their arrival time by clicking on a time button. After recording their time the, employee logs out of Kronos.

10. At approximately 8:00 a.m. on the same day, Sandra Chew remembered that she forgot to punch in and began to record her and Jude Delgado's time in the problem log. The problem log is used by everyone in the DOCS Center and is used when Kronos is down; i.e., not working as a result of technical problems, or when employees rrive early or late for work and forget to "punch", or, when employees forget to "punch" out or in from their lunch break.

11. At approximately 8:00 a.m. on the same day, Sandra Chew began to record her and Jude Delgado's time in the problem log, because she was concerned that the DOCS Center Manager and/or Supervisor would be arriving soon and would notice that no entry was made in the problem log regarding their late arrival.

12. Because Sandra Chew and Jude Delgado have identical work schedules, Sandra Chew started, but did not complete, the entry in the problem log for both of them, as she had done in the past. Plaintiff used the term "punch" because it was the terminology; i.e., the common term used when referring to the recordation of time for payroll purposes. She indicated a time-in of 6 AM because this was their

scheduled time in.

13. There was no intent or effort made by them to conceal the fact that they were late- they had already phoned in in advance, per Williams Lea rules, prior to their 6:00 a.m. official start time, and the DOCS Center staff, which included the DOCS Center Manager and the DOCS Center Supervisor, were all already informed that they were running late.

14. When a question arose regarding an entry made in the problem log, it was incumbent upon the DOCS Center Manager and/or the DOCS Center Supervisor to contact the employee who made the entry to obtain clarification on the ambiguity of what was written in the problem log, prior to making any corrections in Kronos. Upon receiving the clarification, the DOCS Center Manager or DOCS Center Supervisor processes the corrections in Kronos. Neither the DOCS Center Manager nor the DOCS Center Supervisor contacted Sandra Chew or Jude Delgado to clarify or explain the entry made in the problem log.

15. From Wednesday, March 28 to Wednesday, April 4, their termination date for "“Time Card Falsification", the DOCS Center Manager nor the DOCS Center Supervisor had not contacted Sandra Chew or Jude Delgado to clarify the entry made in the problem log. Both Sandra Chew and Jude Delgado were available to provide any clarification or answer any questions the DOCS Center Manager and/or the DOCS Center Supervisor may have had regarding the problem log entry, as was done in the past for everyone.

16. On or about March 19, 2007, at about 5:30 pm, Plaintiff had an accidental fall in the front of her house. Plaintiff fell, face down on the cement driveway. Everything went numb and Plaintiff thought that she was going to blackout. She slowly sat up in the driveway and Plaintiff was bleeding. After about 15-20 minutes, Plaintiff went upstairs and saw her husband, Mr. Gordon Chew, and started crying. He wanted to take Plaintiff to the ER; but Plaintiff wanted to rest on the bed with an ice pack. Her face was swollen where Plaintiff did not have a bridge on her nose, and Plaintiff had abrasions on her forehead and side of her

nose. Plaintiff was afraid to touch anything. Pain relievers and the ice pack helped a little and Plaintiff fell asleep.

17. That evening, Mr. Gordon Chew, Plaintiff's husband, called her workplace stating that Plaintiff had an accident and would not becoming in to work the next day. The message was relayed to the Manager, Charlotte Dolly and other staff.

18. Sometime on Monday, March 19, Mr. Chew also called her workplace and spoke with Charlotte Dolly stating that Plaintiff would not be at work the next day, Tuesday, March 20 because of the accident and that Plaintiff would be making a visit to the ER to get checked out. Plaintiff continued to use ice packs and pain relievers. On Tuesday or Wednesday, March 20 or 21, Plaintiff was still in a lot of pain and her face still very swollen. Plaintiff went to Seton ER and received an x-ray and MRI of her head and nose.

19. Plaintiff was told she had a mild concussion; The x-ray of her nose showed that Plaintiff had fractured it and the ER doctor told her to see a specialist after 5-7 days, after the swelling goes down, for follow-up. Plaintiff was also told to continue using pain relievers and ice. The ER doctor then wrote a note to stay off work for the balance of the week.

20. Mr. Chew called Charlotte Dolly and told her that Plaintiff would be out for the remainder of the week, per the doctor in Seton ER instructions, which was also explained. Charlotte Dolly then asked if Plaintiff would be off the following week due to her injuries.

21. Plaintiff is informed and believes, and on that basis alleges, that at all times material herein Defendant was and continues to be a company that employs more than fifty (50) employees at Plaintiff's place of employment .

22. At all times material hereto, Plaintiff was an employee covered by the California Family Rights Act, California Government Code § 12945.2(a).

23. At all times material hereto, Defendant Williams was an employer covered by the California Family Rights Act, California Government Code §12945.2(b).

24. Plaintiff, Sandra Chew, has filed a charge with the State of California, Department

of Fair Employment and Housing.

25. The Department of Fair Employment and Housing will close Plaintiff's case in order to allow Plaintiff to pursue her civil remedies and issued Plaintiff a right to sue.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT INTERFERENCE WITH CFRA EXERCISE)**
**(Against Defendant Williams)**
**(California Government Code § 12945.2)**

26. Plaintiff hereby incorporates paragraphs 1 through 27, inclusive, as though said paragraphs are fully set forth herein. At all times herein mentioned, Government Code Section 12945.2 was in full force and effect, and was binding upon Defendant Williams. Said section required Defendant Williams, its employees and agents, to not discriminate against or discharge Plaintiff because she had exercised her right to medical leave and triggered rights protected by the CFRA.

27. Plaintiff is informed and believes and thereon alleges that the acts of Defendant Williams in criticizing her performance based on work she could not perform because of medical leave issues and in terminating her from her employment for false and pretextual reasons is an unlawful employment practice in violation of the California Family Rights Act (hereinafter "CFRA"), Government Code Section 12945.2.

28. As a proximate result of Defendant Williams's wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of her employment; from loss of past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied her by Defendant Williams; all in an amount to be proven at the time of trial in excess of $150,000.

29. As a further proximate result of the wrongful conduct by Defendant Williams and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to her damage in an amount to be proven at the time of trial.

30. In doing the acts herein alleged, Defendant Williams acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

31. Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

32. Plaintiff also claims attorneys fees and costs incurred herein (Gov't. Code §12965).

**SECOND CAUSE OF ACTION**
**(DISABILITY/PERCEIVED/ DISCRIMINATION)**
**(Against Defendant Williams)**
**(Government Code Section 12940)**

33. Plaintiff hereby incorporates paragraphs 13 through 52, inclusive, as though said paragraphs are fully set forth herein. At all times herein mentioned, Government Code Section 12940 was in full force and effect, and was binding upon Defendant Williams. Said section required Defendant Williams, its employees and agents, to refrain from discriminating against any employee because an employee had a disability within the meaning of Government Code Section 12926.1. Plaintiff is informed and believes and thereon alleges that the acts of Defendant Williams in terminating her from her employment are an unlawful employment practice in violation of Government Code Section 12940.

34. As a proximate result of Defendant Williams's wrongful conduct as alleged herein, Plaintiff sustained damages from the loss of her employment; from loss of

past and future earnings and other employment benefits; from loss of all other rights and benefits which naturally exist with fair employment, but which were denied her by Defendant Williams; all in an amount to be proven at the time of trial in excess of $150,000.

35. As a further proximate result of the wrongful conduct by Defendant Williams and the resulting damages to Plaintiff, Plaintiff sustained emotional distress, all to her damage in an amount to be proven at the time of trial.

36. In doing the acts herein alleged, Defendant Williams acted intentionally, oppressively, and maliciously toward Plaintiff with advance knowledge and conscious disregard of Plaintiff's rights, or the consequences to Plaintiff, or did authorize or ratify such intentional, oppressive and malicious acts, with the intent of depriving Plaintiff of property and legal rights and otherwise causing Plaintiff injury. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff therefore requests the assessment of punitive damages.

37. Plaintiff claims prejudgment interest on all said amounts, at the rate set by law, in an amount to be proven at the time of trial.

38. Plaintiff also claims attorneys fees and costs incurred herein (Gov't. Code §12965).

**THIRD CAUSE OF ACTION**
**LIBEL**
**(Against Dolly ONLY)**
**(Government Code Section 12940)**

39. Dolly spoke and wrote negatively about Plaintiff's honesty. Specifically, Defendant Dolly in writing stated that Plaintiff was 'falsifying time cards'. She is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and

defamatory statements included express and implied: accusations that Plaintiff violated company policies; that she was such a poor performer; that she deserved written warnings and disciplinary actions against her; that she was incompetent; a troublemaker; and was dishonest. These false statements expressly and impliedly stated that Plaintiff was dishonest, lazy, incompetent, and a poor performer.

40. While the precise dates of these publications are not known to Plaintiff, she is informed and believes the publications may have started in April 2007, for the improper purpose of retaliating against her for her medical situation, and were later published and foreseeably republished to first cause, and then justify, Plaintiff's wrongful and illegal termination. These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, recipients, in the community. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

41. During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants.

42. The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company

policies; that she was such a poor performer that she deserved written warnings and disciplinary actions against her; that she was incompetent; dishonest; untrustworthy; a troublemaker; and made false complaints. These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and a poor employee.

43. Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including her own compelled self-publication of these defamatory statements.

44. The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

45. None of Defendants' defamatory publications against Plaintiff referenced above are true. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

46. Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause her to be fired, to justify

her firing, and to retaliate against Plaintiff for prior ill will, rivalry, and disputes in retaliation for her medical condition. Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants, published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses.

47. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

48. The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, her reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy her reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

49. As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to her personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

50. Defendants, and each of them, committed the acts alleged herein recklessly,

maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

**FOURTH CAUSE OF ACTION**
**(Failure to Compensate for Hours Worked Under California Industrial Welfare Commission Orders and California Labor Code §§1182.11 )**

51. Plaintiff realleges and incorporates by this reference all the allegations set forth in the preceding paragraphs.

52. At all times relevant herein, Defendant Williams was required to compensate its hourly employees for any hours worked upon reporting for work at the appointed time stated by Defendant pursuant to California Labor Code §§1182.11, which states: "Notwithstanding any other provision of this part, on and after March 1, 1997, the minimum wage for all industries shall not be less than five dollars ($5.00) per hour; on and after March 1, 1998, the minimum wage for all industries shall not be less than five dollars and seventy-five cents ($5.75) per hour."

53. Also, Industrial Welfare Commission Orders 1-2002 , California Code of Regulations, Title 8, §§11010 was also in force and effect at the relevant time, setting the minimum wage at six dollars and seventy-five cents ($6.75) for all hours worked after January 1, 2002.

54. Defendant Williams failed to compensate Plaintiff for hours worked and routinely knowingly deprived her of breaks. Under the aforementioned wage order and regulations, Plaintiff is to recover compensation for all hours worked but not paid by Defendant. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Defendant' conduct described herein violates Labor Code §§§§ 558, 1182.11, and 1194. Therefore, pursuant to Labor Code §§§§ 218.5, 558, and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, reasonable attorney's fees and costs of suit.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For general economic and non-economic damages according to proof;
2. For special damages according to proof;
3. For punitive damages where allowed by law;
4. For prejudgment interest;
5. For costs of suit incurred herein;
6. For attorney's fees as allowed by law, including but not limited to "private attorney general" statutes contained in CCP 1021.5;
7. Compensation for all hours worked but not paid; and
8. For such other and further relief as this Court deems just and proper.

Dated: 5-17-07 LAW OFFICES OF R. MICHAEL HOFFMAN

/s/

By:______________________________
R. Michael Hoffman, Attorney for Plaintiff

SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: smartin@sonnenschein.com

Attorneys for Defendant
WILLIAMS LEA INC.

ENDORSED
FILED
San Francisco County Superior Court

JUL 6 2007

GORDON PARK-LI, Clerk
BY: BERNADETTE THOMPSON
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SANDRA CHEW, an individual<br>Plaintiff,<br>vs.<br>WILLIAMS LEA INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive,<br>Defendants. | No. CGC07-463769<br>DEFENDANT WILLIAMS LEA INC.'S ANSWER TO COMPLAINT FOR DAMAGES |

Defendant Williams Lea Inc. ("Williams Lea") hereby answers plaintiff Sandra Chew's unverified Complaint for Damages (the "Complaint") in the above-captioned matter, for itself and for no other defendant, by admitting, denying, and alleging as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Williams Lea generally denies each and every allegation contained in the Complaint and further denies that plaintiff was damaged in the nature alleged, or in any other manner, or at all.

Further answering the Complaint, Williams Lea denies that plaintiff has sustained any injury, damage or loss by reason of any conduct, action, error or omission on the part of

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

Williams Lea, or any agent, employee or any other person acting under Williams Lea's authority or control.

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to plaintiff's Complaint, Williams Lea alleges as follows:

FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action set forth therein, fails to state facts sufficient to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation laws, including, but not limited to, California Labor Code § 3600, *et. seq.*

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she was an at-will employee whose employment was terminable at will, with or without cause, within the meaning of California Labor Code § 2922.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by operation of applicable statutes of limitation including, but not limited to, California Code of Civil Procedure §§ 337(1), 338(a), 339(1), 340(1), (2) and/or (3), 343, California Government Code §§ 12960 and 12965(b), and all other applicable limitations, statutes and requirements.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has failed to satisfy the procedural and/or jurisdictional prerequisites necessary to maintain some or all of her purported causes of action.

SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to avail herself of Williams Lea's policies and procedures for redress.

EIGHTH AFFIRMATIVE DEFENSE

Williams Lea acted with proper justification and in a reasonable and appropriate manner, in good faith, for a fair, honest and lawful reason, and in compliance with legal requirements.

NINTH ADDITIONAL DEFENSE

Any and all conduct of which plaintiff complains was required by business necessity.

TENTH ADDITIONAL DEFENSE

The acts, conduct, or omissions of Williams Lea were privileged, appropriate, and/or justified and consistent with legal requirements.

ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action therein, is barred and/or plaintiff's recovery therefore should be denied because plaintiff's alleged damages were the result of plaintiff's own conduct.

TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the active fault of plaintiff.

THIRTEENTH AFFIRMATIVE DEFENSE

Intervening, superseding and/or supervening acts proximately caused plaintiff's damages, if any.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Williams Lea, under the applicable provisions of law, including, but not limited to, California Civil Code § 3294.

FIFTEENTH AFFIRMATIVE DEFENSE

Imposition of punitive damages against Williams Lea under these circumstances would be unconstitutional under provisions of both the Constitution of the United States and the

Constitution of the State of California, including, without limitation, as violative of the Eighth Amendment proscription against excessive fines and violative of due process protection.

SIXTEENTH ADDITIONAL DEFENSE

To the extent plaintiff has failed to mitigate, minimize, or avoid any damage she allegedly sustained, recovery, if any, must be reduced by that amount.

SEVENTEENTH ADDITIONAL DEFENSE

Plaintiff's claims for punitive damages are barred as to any causes of action for which such relief is unavailable.

EIGHTEENTH ADDITIONAL DEFENSE

Plaintiff's claims for attorneys' fees are barred as to any causes of action for which such relief is unavailable.

NINETEENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

TWENTIETH ADDITIONAL DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

TWENTY-FIRST ADDITIONAL DEFENSE

The Complaint, and each and every purported cause of action therein, is barred by the doctrine of unclean hands.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's slander cause of action is barred, in whole or in part, because any statements made by Charlotte Dolly were truthful, opinions, privileged and/or non-actionable.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the causes of action in her Complaint.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Williams Lea reserves its right to amend this Answer to the Complaint to assert such additional defenses as may become apparent during the course of this action.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

WHEREFORE, Williams Lea prays for judgment on plaintiff's Complaint as follows:

1. That plaintiff take nothing by her Complaint against Williams Lea and that judgment be entered in favor of Williams Lea on each and every one of the causes of action;

2. That Williams Lea recover its costs of suit herein;

3. That Williams Lea recover reasonable attorneys' fees incurred herein pursuant to statute; and

4. That the Court award such additional relief as it deems just and proper

Dated: July 5, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By [signature]
SONIA MARTIN

Attorneys for Defendant WILLIAMS LEA INC.

27271027

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

PROOF OF SERVICE

I, Cynthia Lakes, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On July 6, 2007, I caused to be served on the interested parties in this action the following document(s):

**DEFENDANT WILLIAMS LEA INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

**Michael Hoffman**
**Law Offices of Michael Hoffman**
**22 Battery Street, Suite 1000**
**San Francisco, CA 94111**
**Telephone: (415) 362-1111**

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 6, 2007, at San Francisco, California.

Cynthia Lakes