SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:      smartin@sonnenschein.com

Attorneys for Defendant
WILLIAMS LEA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/ OAKLAND DIVISION

| | |
|---|---|
| SANDRA CHEW, an Individual<br><br>      Plaintiff,<br><br>      vs.<br><br>WILLIAMS LEA INC., a Corporation;<br>Charlotte Dolly, an individual; and DOES 1<br>through 100, inclusive,<br><br>      Defendants. | No. C 07-3525 CRB<br><br>NOTICE TO PLAINTIFF THAT ACTION HAS<br>BEEN REMOVED |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. sections 1441(a) and 1446, this action has been removed to the United States District Court for the Northern District of California, San Francisco/Oakland Division. Copies of the "Notice Of Removal" filed in the District Court and the "Notice That Action Has Been Removed" (without exhibits) filed in the Superior Court of California for San Francisco County are attached hereto as Exhibit A. All further proceedings with respect to this action shall take place before the United States District Court for the Northern District of California.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   Dated: July __, 2007                      SONNENSCHEIN NATH & ROSENTHAL LLP

2

3

4                                             By _____

5                                                    SONIA MARTIN

6                                             Attorneys for Defendant
                                              WILLIAMS LEA INC.
7

8          27271930

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

CASE NO. C 07-3525 CRB                        NOTICE TO PLAINTIFF/ACTION REMOVED

# EXHIBIT A

1   SONIA MARTIN (State Bar No. 191148)
2   SONNENSCHEIN NATH & ROSENTHAL LLP
    525 Market Street, 26th Floor
3   San Francisco, CA 94105-2708
    Telephone: (415) 882-5000
4   Facsimile: (415) 882-0300
    Email:      smartin@sonnenschein.com
5
    Attorneys for Defendant
6   WILLIAMS LEA INC.

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 0 9 2007

GORDON PARK-LI, Clerk
BY: CAROLYN BALISTRERI

7

8                  SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF SAN FRANCISCO

10

11  SANDRA CHEW, an individual          No. CGC07-463769

12          Plaintiff,                  NOTICE THAT ACTION HAS BEEN
                                        REMOVED TO FEDERAL COURT
13      vs.

14  WILLIAMS LEA INC., a Corporation;
    Charlotte Dolly, an individual; and DOES 1
15  through 100, inclusive,

16          Defendants.

17

18

19          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND

20  HER ATTORNEYS OF RECORD:

21          NOTICE IS HEREBY GIVEN that on July 6, 2007, defendant filed a Notice of Removal

22  of Civil Action in the United States District Court for the Northern District of California,

23  pursuant to 28 U.S.C. sections 1441 and 1446.  A copy of the conformed "Notice of Removal of

24  Civil Action" (without exhibits) is attached hereto as Exhibit A.

25          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(a), the

26  filing of the "Notice of Removal of Civil Action" in the United States District Court for the

27  Northern District of California, followed by the filing of a copy of this "Notice That Action Has

28

NOTICE THAT ACTION HAS BEEN REMOVED TO FEDERAL COURT

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1    Been Removed" with this Court, effected the removal of this action and this Court may not

2    proceed further unless and until the action is remanded.

3    Dated: July 9, 2007                    SONNENSCHEIN NATH & ROSENTHAL LLP

4

5

6                                          By

7                                                SONIA MARTIN

8                                          Attorneys for Defendant
                                           WILLIAMS LEA INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-2-

# EXHIBIT A

1   SONIA MARTIN (State Bar No. 191148)
     SONNENSCHEIN NATH & ROSENTHAL LLP
2   525 Market Street, 26th Floor
     San Francisco, CA 94105-2708
3   Telephone: (415) 882-5000
     Facsimile: (415) 882-0300
4   Email:    smartin@sonnenschein.com

5   Attorneys for Defendant
     WILLIAMS LEA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| SANDRA CHEW, an Individual | C No. 07 3525 |
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION |
| vs. | |
| WILLIAMS LEA INC., a Corporation; Charlotte Dolly, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS

OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441(a), defendant

Williams Lea Inc. hereby removes to this Court the action described herein and respectfully

submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

1.    On May 20, 2007, an action was commenced in the Superior Court of the State of

California for the County of San Francisco, entitled *"Sandra Chew v. Williams Lea, Inc, a*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-1-

CASE NO.                                         NOTICE OF REMOVAL

1    *Corporation; Charlotte Dolly, an individual; and does 1 through 100, inclusive,*" Case No. CGC

2    07-463769 (the "Superior Court Action").

3        2.    In the Superior Court Action, plaintiff Sandra Chew seeks damages for alleged

4    disability discrimination. Specifically, plaintiff alleges that she and a coworker (Jude Delgado)

5    arrived late to work on Match 27, 2007. (Complaint ("Compl."), ¶ 9.) Although they were

6    scheduled to begin work at 6:00 a.m., they did not arrive until 6:18 a.m. and did not begin work

7    until 6:22 a.m. (*Id.*) Later that day, Ms. Chew made entries on Williams Lea's time records

8    reflecting (falsely) that she and plaintiff had started work at 6:00 a.m. (*Id.* at ¶¶ 11, 12.)

9        3.    The Complaint alleges that Williams Lea terminated plaintiff's employment for

10    "Time Card Falsification." (Compl., ¶ 15.) The Complaint further alleges that Williams Lea's

11    stated reason for termination was false and pretextual and that it actually terminated plaintiff's

12    employment because she had injured herself in a slip and fall incident at her home on March 19,

13    2007. (*Id.* ¶¶ 16, 27.)

14        4.    Plaintiff also alleges that her manager, Charlotte Dolly, "expressly" and

15    "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies,"

16    "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false

17    complaints," and being "dishonest, lazy, incompetent, and a poor performer." (Compl., ¶ 39.)

18        5.    On the basis of these allegations, plaintiff sues Williams Lea for violation of the

19    California Family Rights Act, disability discrimination, libel, and failure to compensate for

20    hours worked under California Industrial Welfare Commission Orders and California Labor

21    Code section 1182.11. Plaintiff seeks general, special and punitive damages, as well as

22    attorneys fees. (Compl., at Prayer.)

23    <u>SERVICE</u>

24        6.    Williams Lea is informed and believes that the Summons and Complaint in the

25    Superior Court Action were served on Williams Lea on or about June 8, 2007. Williams Lea is

26    informed and believes that Charlotte Dolly has not been properly served. Attached hereto as

27    Exhibit A are true and correct copies of the Complaint, the Answer and all other pleadings

28    which Williams Lea believes are on file in the Superior Court Action.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

-2-

CASE NO.                                          NOTICE OF REMOVAL

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

JURISDICTION

7.    Williams Lea is informed and believes that plaintiff was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a citizen and resident of the State of California.  Williams Lea was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation formed under the laws of the State of Delaware, with its principal place of business in Illinois.

8.    Plaintiff and Williams Lea, accordingly, are citizens and residents of different states.

THE FRAUDULENT JOINDER OF A CALIFORNIA RESIDENT

9.    In addition to asserting causes of action against Williams Lea, plaintiff purports to assert a claim for relief against an individual defendant, Charlotte Dolly, who is a Williams Lea employee.  As set forth below, plaintiff's joinder of Ms. Dolly is fraudulent and designed to attempt to prevent the removal of the Superior Court Action to this Court, where it properly belongs, by the assertion of a sham claim against a resident defendant.  In such a circumstance, a federal court will disregard the sham joinder of such an individual for purposes of determining whether diversity jurisdiction exists.

10.    In particular, plaintiffs' Complaint contains a single claim for slander against Ms. Dolly, the putative resident defendant.  Plaintiff premises that claim on allegations that Ms. Dolly "expressly" and "impliedly" accused plaintiff of "falsifying time cards," "violat[ing] company policies," "deserv[ing] written warnings and disciplinary actions," being "a troublemaker," making "false complaints" and being "dishonest, lazy, incompetent, and a poor performer."  (Compl., ¶ 39.)  Plaintiff cannot recover on this claim, for several reasons.

11.    First, any statements made by Ms. Dolly about plaintiff were made in the personnel management context without malice and for the purpose of making informed personnel decisions.  As a result, Ms. Dolly's alleged statements were privileged and cannot support slander liability as a matter of law.  *See* Cal. Civil Code § 47(c); *Kelly v. General Telephone Co.,* 136 Cal. App. 3d 278, 285 (1982) (statements made in personnel context are privileged under section 47).

-3-

12.    In addition, plaintiff has failed to adequately allege a claim for slander. *See Okun v. Superior Court,* 29 Cal. 3d 442 (1981). In particular, plaintiff has failed to allege specific facts demonstrating that Ms. Dolly acted with malice. *See Martin v. Kearney,* 51 Cal. App. 3d 309 (1975).

13.    Further, plaintiff admits she was late for work and that she falsified her time card. (Compl., ¶¶ 9, 11, 12.) As a result, the statements attributed to Ms. Dolly were true, and cannot support slander liability as a matter of law. *See Conkle v. Jeong,* 73 F.3d 909, 917 (9th Cir. 1995) ("Truth is a complete defense to slander, regardless of the bad faith or malicious purpose of the publisher of the material.") (citation and quotation marks omitted).

14.    Finally, any statements made by Ms. Dolly about plaintiff were matters of opinion, which cannot support slander liability as a matter of law. *See Conkle,* 73 F.3d at 917 (statements that plaintiff was "difficult as an employee" and "more trouble than she [was] worth" were nonactionable statements of opinion); *Jensen v. Hewlett-Packard, Inc.,* 14 Cal. App. 4th 958, 965 (1993) (an "employer's perceptions about an employee's efforts, attitude, performance, potential or worth to enterprise" cannot support slander liability even if they are "objectively wrong and cannot be supported by reference to concrete, provable facts").

15.    Plaintiff's claim against Ms. Dolly, therefore, is meritless. Accordingly, Ms. Dolly was "fraudulently joined for diversity and removal purposes," and her presence is disregarded in determining jurisdiction. *See Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318-1320 (9th Cir. 1998). Therefore, this matter involves parties of diverse citizenship and residency.

## AMOUNT IN CONTROVERSY

16.    On its face, the Complaint seeks in excess of $150,000 in compensatory damages. (Compl., ¶ 28.) Plaintiff also seeks attorneys fees and punitive damages, which are included in determining the amount in controversy. *Bell v. Preferred Life Society,* 320 U.S. 238, 239 (1943), *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Accordingly, Williams Lea is informed and believes that plaintiff seeks to recover damages in excess of seventy-five thousand dollars ($75,000).

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

CASE NO.

-4-

NOTICE OF REMOVAL

17.    The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiff and Williams Lea are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

18.    The case is therefore one which Williams Lea may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446.  The removal is effected within thirty days of service, in accordance with 28 U.S.C. section 1446(b).

WHEREFORE, Williams Lea hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, for further proceedings as though it originally had been instituted herein.

Dated: July 6, 2007                    SONNENSCHEIN NATH & ROSENTHAL LLP


By    A. R. 

SONIA MARTIN

Attorneys for Defendant WILLIAMS LEA INC.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

CASE NO.                                        -5-                                NOTICE OF REMOVAL

PROOF OF SERVICE

I, Cynthia Lakes, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On July 9, 2007, I caused to be served on the interested parties in this action the following document(s):

1.    **NOTICE TO PLAINTIFF THAT ACTION HAS BEEN REMOVED;**

2.    **NOTICE OF REMOVAL;**

3.    **ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES AND STANDING ORDERS;**

4.    **ECF REGISTRATION INFORMATION HANDOUT**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

**Michael Hoffman**
**Law Offices of Michael Hoffman**
**22 Battery Street, Suite 1000**
**San Francisco, CA  94111**
**Telephone:  (415) 362-1111**

☒    U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 9, 2007, at San Francisco, California.

Cynthia Lakes

-1-