United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA CHEW,<br><br>            Plaintiff,<br><br>     v.<br><br>WILLIAMS LEA INC., et al.,<br><br>            Defendants.            / | No. C 07-03525 CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiff filed this wrongful termination and libel action in state court and defendant Williams Lea Inc. removed on the ground of diversity jurisdiction. Now pending before the Court is plaintiff's motion to remand and for attorney's fees and costs. After carefully considering the parties' papers and evidence, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion to remand, but DENIES the request for fees and costs.

### ALLEGATIONS OF THE COMPLAINT

Plaintiff Sandra Chew worked at Heller Ehrman LLP for 21 years before Heller outsourced their Document Production Department ("DOCS Center") to defendant Williams Lea Inc. Chew subsequently worked for Williams Lea as a Senior Document Specialist, Desktop Publisher, and Workflow Coordinator. Her manager was defendant Charlotte Dolly. Complaint ¶ 7. On March 7, 2007, Chew and her co-worker Jude Delgado contacted the

1  DOCS Center at approximately 5:45 a.m. to inform the Graveyard Workflow Coordinator
2  that they were running late for their 6:00 a.m. shift. Id. ¶ 8. Chew and Delgado arrived
3  approximately 20 minutes late, the first time they had ever arrived late for work. Id. ¶ 9. At
4  approximately 8:00 a.m. that day Chew remembered that she had forgot to "punch in" and
5  began to record her and Delgado's time in the "problem log." The problem log is used for,
6  among other things, when employees "arrive early or late for work and forget to 'punch', or
7  when employees forget to 'punch' out or in from their lunch break." Id. ¶ 10, 11. Because
8  Chew and Delgado have identical work schedules, Chew started but did not complete the
9  entry in the problem log for both of them. She indicated that she arrived at 6:00 a.m. because
10 this was their scheduled time to arrive. Id. ¶ 12. Chew had made no attempt to conceal her
11 late arrival as she and Delgado had telephoned the DOCS Center to advise of their late
12 arrival. Id. ¶ 13.

13 On March 19, 2007, approximately two weeks after Chew arrived late to work, Chew
14 suffered an injury at home. Id. ¶ 16. As a result of that injury Chew missed one week of
15 work. Id. ¶ 17-20.

16 On April 4, 2007, defendant terminated Chew for "Time Card Falsification."
17 Between March 28 and the termination of her employment, neither the DOCS Center
18 Manager nor the DOCS Center Supervisor contacted Chew or Delgado about the time entry
19 discrepancy, although such clarification had been sought in the past with all other employees.
20 Id. ¶ 15.

21 Chew subsequently filed various disability and related state court claims against
22 Williams Lea in state court. She also makes a single claim of libel against her manager
23 Charlotte Dolly. She alleges that Dolly's false and defamatory statements, arising from
24 Dolly's allegation of time card falsification, included "accusations that Plaintiff violated
25 company policies; that she was such a poor performer; that she deserved written warnings
26 and disciplinary actions against her; that she was incompetent; a troublemaker; and was
27 dishonest." Id. ¶ 39. She further alleges that the false statements were "negligently,
28

2

1  recklessly, and intentionally published in a manner equaling malice." Id. ¶ 46.  Further, the
2  false statements were made with "hatred and ill will" towards plaintiff.  Id.
3        Defendant Williams Lea removed the case to federal court on the ground of diversity
4  jurisdiction.  While Chew and Dolly are not diverse, defendant asserts that the claim against
5  Dolly should be disregarded for the purpose of determining this Court's jurisdiction.

## DISCUSSION

7        "A defendant has the burden of proving that the requisite jurisdiction exists to support
8  removal."  Soo v. United Parcel Service, 73 F.Supp.2d 1126, 1128 (N.D. Cal. 1999) (citation
9  omitted).  "When a case is removed to federal court there is a strong presumption against
10 federal jurisdiction."  Id.
11       The joinder of a nondiverse defendant is fraudulent or a "sham" and does not defeat
12 jurisdiction if the plaintiff fails to state a cause of action against the defendant, and the failure
13 is obvious according to the settled rules of the state.  See McCabe v. General Foods Corp.,
14 811 F.2d 1336, 1339 (9th Cir. 1987) ("fraudulent joinder is a term of art").  A party is
15 deemed to have been joined "fraudulently" if, "after all disputed questions of fact and all
16 ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could
17 not possibly recover against the party whose joinder is questioned."  Kalawe v. KFC
18 Management Co., 1991 WL 338566, *2 (D. Hawaii, July 16, 1991) (citing Kruso v.
19 International Telephone & Telegraph Corp., ITT, 872 F.2d 1416, 1426 (9th Cir. 1989)).
20       The dispositive issue is whether plaintiff can state a claim because of the qualified
21 privilege found at California Civil Code section 47(c).  That statute provides that "[a]
22 privileged publication . . . is one made . . . (c)  In a communication, without malice, to a
23 person interested therein, (1) by one who is also interested . . . ."  "This qualified privilege
24 may exist where the communicator and recipient have a common interest and the
25 communication is reasonably calculated to further that interest.  Communication among a
26 company's employees that is designed to insure honest and accurate records involves such a
27 common interest."  Kelly v. General Telephone Co.,136 Cal.App.3d 278, 285 (1982).
28 Defendant has shown, and plaintiff does not seriously dispute, that the allegedly libelous

statements were made by one in interest to others in interest, that is, to relevant company employees.

The privilege, however, is qualified, and does not apply if the allegedly defamatory statement was made with malice, that is, it was motivated by hatred or ill will toward the plaintiff, *or* was made without a good-faith belief in the truth of the statement. Lundquist v. Reusser, 7 Cal.4th 1193, 1213 (1994). As is set forth above, the complaint alleges that Dolly made the statements because of malice toward plaintiff and hatred and ill will. Courts have held, however, that conclusory allegations of malice are insufficient to defeat the privilege. See Martin v. Kearney, 51 Cal.App.3d 309, 312 (1975) ("Actual facts of malice must be alleged or be apparent from the communications themselves."); Lesperance v. North American Aviation, Inc., 217 Cal.App.2d 336, 341 (1963) (holding that the plaintiff must allege actual facts supporting the claim of malice and not such general conclusions); Kacludis v. GTE Sprint Comm Corp., 806 F.Supp. 866, 872 (N.D. Cal. 1992) ("Mere allegations that the statements were made 'with malice' or with 'no reason to believe the statements were true' are insufficient to rebut the presumption of privilege.").

Assuming, without deciding, that plaintiff has not sufficiently alleged facts showing actual malice or that Dolly lacked a good-faith belief in the truth of the statement, defendant has not shown that plaintiff could not as a matter of law allege such facts. To the contrary, the complaint's allegations suggest that plaintiff could explicitly allege that Dolly lacked a good faith belief in her statements given her failure to make any inquiry of plaintiff into what--from the allegations of the complaint--appears to be a minor discrepancy. Moreover, the implied allegation of retaliation because of plaintiff's disability leave further suggests malice.

In sum, this is not a case where a plaintiff cannot under any circumstances make a claim against the non-diverse defendant. Accordingly, Dolly was not "fraudulently joined" and the motion to remand must be granted. The Court concludes, however, that an award of attorney's fees and costs is not warranted.

//

4

**CONCLUSION**

Regardless of whether plaintiff has stated a defamation claim against Dolly, it is apparent that under California law she can state such a claim. Accordingly, the motion to remand is GRANTED. The Court in its discretion denies the request for attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: August 22, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE